IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
JUN 10 2015
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | Case No: 1:15-mj-325 |
| v. | ) | |
| | ) | **UNDER SEAL** |
| REZA NIKNEJAD, | ) | |
| | ) | |
| Defendant. | ) | |

GOVERNMENT'S MOTION TO SEAL COMPLAINT
PURSUANT TO LOCAL RULE 49(B)

The United States, by and through undersigned counsel, pursuant to Local Rule 49(B) of

the Local Criminal Rules for the United States District Court for the Eastern District of Virginia,

asks for an Order to Seal the complaint and affidavit in support of the complaint until 9:30am on

June 11th, 2015.

I.    **REASONS FOR SEALING** (Local Rule 49(B)(1))

1.    The Federal Bureau of Investigation is investigating the conspiracy to provide

material support and resources, namely personnel, to terrorists or to a designated terrorist

organization in violation of Title 18, United States Code, Sections 2339A and 2339B, and the

conspiracy to kill, kidnap, maim, or injure persons or damage property in a foreign country,

namely Syria, in violation of Title 18, United States Code, Section 956(a).

2.    Premature disclosure of the charges against the defendant would jeopardize the

safety or cooperation of a confidential witness.   This cooperating witness is scheduled to enter a

guilty plea to related charges before the Honorable Claude M. Hilton, United States District Judge,

at 9:30am on June 11, 2015.

1

## II.   REFERENCES TO GOVERNING CASE LAW (Local Rule 49(B)(2))

3.      The Court has the inherent power to seal complaints and affidavit in support of complaints. See United States v. Wuagneux, 683 F.2d 1343, 1351 (11th Cir. 1982); State of Arizona v. Maypenny, 672 F.2d 761, 765 (9th Cir. 1982); Times Mirror Company v. United States, 873 F.2d 1210 (9th Cir. 1989); see also Shea v. Gabriel, 520 F.2d 879 (1st Cir. 1975); United States v. Hubbard, 650 F.2d 293 (D.C. Cir. 1980); In re Braughton, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests."  In re Knight Pub. Co., 743 F.2d 231, 235 (4th Cir. 1984).   Sealing the complaint and affidavit in support of the complaint is appropriate where there is a substantial probability that the release of the sealed documents would compromise the government's on-going investigation severely.  See e.g. In re Search Warrant for Secretarial Area Outside Office of Gunn, 855 F.2d 569, 574 (8th Cir. 1988); Matter of Eye Care Physicians of America, 100 F.3d 514, 518 (7th Cir. 1996); Matter of Flower Aviation of Kansas, Inc., 789 F.Supp. 366 (D. Kan. 1992).

## III.   PERIOD OF TIME GOVERNMENT SEEKS TO HAVE MATTER REMAIN UNDER SEAL (Local Rule 49(B)(3))

4.      The complaint and affidavit in support of the complaint would need to remain sealed until 9:30am on June 11, 2015, when a cooperating witness is scheduled to enter a guilty plea to related charges.

5.      The United States has considered alternatives less drastic than sealing and has found none that would suffice to protect this investigation.

2

WHEREFORE, the United States respectfully requests that the complaint and affidavit in support of the complaint and this Motion to Seal and proposed Order be sealed until 9:30am on June 11, 2015.

Respectfully submitted,

Dana J. Boente
United States Attorney

By:    _____

Michael P. Ben'Ary
Assistant United States Attorney
Caroline H. Friedman
Special Assistant United States Attorney

3